Filed: 9/29/2023 8:33 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 80076901
By: Lisa Kelly
9/29/2023 9:20 AM

23-CV-1866

CAUSE NO. _____

| | | |
|---|---|---|
| **DAVID ALBERTO GALINDO,** individually and on behalf of the Estate of Desiree A Galindo, Deceased | § § § § | **IN THE DISTRICT COURT OF** |
| | § | **GALVESTON COUNTY, TEXAS** |
| **V.** | § § § | Galveston County - 122nd District Court |
| | § | _____ **JUDICIAL DISTRICT** |
| **NATIONSTAR MORTGAGE, LLC** | § | |

## PLAINTIFF'S ORIGINAL PETITION AND VERIFIED APPLICATIONFOR TEMPORARY RESTRAINING ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, David Alberto Galindo, and brings this action against Defendant, Nationstar Mortgage, LLC, ("Defendant"), and alleges the following facts and causes of action:

### FACTS

1. Plaintiff, David Alberto Galindo, is the owner of the Subject Property, which is located at **203 22ND Ave. N., Texas City, Texas 77590, Galveston County, Texas.** The legal description is as follows:

   **LOT SEVEN (7) IN BLOCK TEN (10), OF MAINLAND PARK ADDITION SECTION "I", A SUBDIVISION IN GALVESTON COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 254-A, PAGE 70, AND TRANSFERRED TO PLAT RECORD 2 MAP NO. 41, IN THE OFFICE OF THE COUNTY CLERK OF GALVESTON COUNTY, TEXAS.**

2. Defendant, Nationstar Mortgage, LLC, claims to be the current servicer of a note secured by a Deed of Trust dated September 6, 2019, filed in the Galveston County Real Property Records as instrument number 2014043223. (Exhibit A, Notice of Substitute Trustee's Sale).

Status Conference set 12-28-23

**EXHIBIT 1**

PLAINTIFF'S ORIGINAL PETITION AND APPLICATION                                                1 | P a g e

3. A dispute exists between the parties as to the terms and conditions of the note as well as to the Defendant's right to pursue a Substitute Trustee's Sale, scheduled for October 3, 2023. Specifically, the Plaintiff disputes the Defendant's claim that the Plaintiff has defaulted on the subject Deed of Trust, and Plaintiff disputes that the Defendant is entitled to seek foreclosure, because, among other things, the Defendant failed to give sufficient legal notice and satisfy the conditions precedent.

4. The Plaintiff and his late wife, Desiree Aleta Galindo purchased the subject property on or about August 1, 2014 and signed a deed of trust as alleged by the defendant in the attached Notice of Substitute Trustee Sale. See Exhibit A. The plaintiff still resides at the subject property as his homestead.

5. On July 14, 2021, Desiree Aleta Galindo died intestate, while still residing at the subject property. There has been no administration of her estate.  Plaintiff, David Alberto Galindo intends to file an application to be appointed as the administrator of the estate.  Desiree Aleta Galindo had no children, so the Plaintiff Mr. Galindo is the sole heir under the applicable intestate succession statutes. At the time of her death the Decedent resided at the subject property and the Plaintiff and Decedent remained husband and wife.

6. The Defendant, through its counsel, recently filed the attached Notice of Substitute Trustee Sale. (Exhibit A) It is important to note that, prior to filing this notice, the Defendant did not provide the plaintiff with a notice of default, and did not give the Plaintiff an opportunity to cure before accelerating the note and scheduling the subject property for a trustee sale. Additionally, the Defendant did not mail the Plaintiff a notice of trustee sale and refused to communicate with the Plaintiff about the status of the mortgage *See attached declaration.*

Copy from re:SearchTX                                                                  Doc ID: 590fcd4e04d00ad2fc0bd4596d8b59d14e266a89

7. Plaintiff files this Application in this court seeking a Temporary Restraining Order, enjoining Defendant from proceeding with said sale. The Plaintiff will suffer irreparable harm if the Defendant conducts the Foreclosure Sale on October 3, 2023, and the Plaintiff will have no adequate remedy at law. This is the first time that the Plaintiff has had to seek a temporary restraining order, and this application is not brought for delay but so that justice may be done.

## PARTIES

8. Plaintiff, David Alberto Galindo, is an individual residing in Galveston County, Texas. The last three digits of his SS number are 590, and the last three digits of his Texas Driver's license are 615.

9. Defendant, Nationstar Mortgage, LLC, is a Texas Limited Liability Company, that may be served by certified mail through its registered agent, Corporation Service Company, 211 E. 7th St. Suite 620, Austin, TX 78701.

## DISCOVERY

10. Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff states that discovery is to be conducted under Rule 190.3, Level 2 Discovery.

## JURISDICTION AND VENUE

11. This Court has Jurisdiction over the subject matter and parties.

12. Venue is proper in Galveston County because the case concerns real property located in Galveston County and the actions and omissions occurred in Galveston County as well.

Copy from re:SearchTX                                              Doc ID: 590fcd4e04d00ad2fc0bd4596d8b59d14e266a89

## CAUSES OF ACTION ASSERTED

### Declaratory Judgment

13. Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, Plaintiff respectfully requests that this Court issue a declaratory judgment specifying Plaintiff and Defendant's rights and duties in connection with the Deed of Trust and the underlying Note.

14. Specifically, a controversy exists as to the balance and enforceability of the power of sale in the deed of trust. The Plaintiff specifically seeks a declaration declaring that the Defendant is not entitled to pursue a non-judicial foreclosure sale.

### Defendant did not satisfy notice prerequisites to seek non-judicial foreclosure

15. The holder of a note must give notice to the maker of the holder's intent to accelerate the time for payment as well as notice of acceleration. *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890,893 (Tex. 1991). If the mortgagee intends to accelerate the maturity of the debt, the notice must unequivocally inform the mortgagor of the mortgagee's intention. *Id.* A proper notice of default must give the borrower notice that the alleged delinquency must be cured, or else the loan will be accelerated, and the property will go to foreclosure. Prior to a foreclosure action, the noteholder is also required to give the homeowner a clear and unequivocal acceleration notice. *Ogden v. Gilbraltar Sav. Ass'n*, 640 S.W.2d 232,233 (Tex. 1982) ("Effective acceleration requires two acts: notice of intent to accelerate and notice of acceleration.").

16. A debt holder's failure to send a notice to cure to the address in the debtor's file pursuant to Tex. Prop. Code Ann. § 51.002(d) defeats the effect of sending the notice of foreclosure under Tex. Prop. Code Ann. §51.002(b). *Mills v. Haggard*, 58 S.W.3d 164, 2001 Tex. App. LEXIS 4605 (Tex. App. Waco July 5, 2001, *no pet.*).

17. The Defendant, Nationstar Mortgage, LLC, did not provide the required notice of

Copy from re:SearchTX                                   Doc ID: 590fcd4e04d00ad2fc0bd4596d8b59d14e266a89

<u>default to give the Plaintiff an opportunity to cure.</u>  Even if the Defendant had sent the statutorily required notice, pursuant to Section 51.002(d) (which the Defendant failed to do), the Plaintiff still disputes the Defendants' claim of default.

18. Due to the dispute over the alleged default and the Defendant's failure to provide sufficient notice for the pending foreclosure, the Plaintiff files a declaratory judgment lawsuit and seeks injunctive relief to avoid irreparable harm.

19. Additionally, Defendant did not follow the proper procedure pursuant to the Deed of Trust (and the Texas Property Code). Defendants' compliance (or lack thereof) will determine whether Defendant has the authority to foreclose at this time. As stated above, the Defendant failed to mail Plaintiff the statutorily required 1) notice of default, and 2) notice of acceleration and notice of trustee sale.

**Defendant did not comply with the Real Estate Settlement Procedures Act**

18. The mortgage that the Defendants seeks to foreclose is insured by the Federal Housing Administration (FHA) of the United States Department of Housing and Urban Development (HUD) pursuant to section 203 of the National Housing Act (US Code, tit 12, § 1709).

19. A bank which issues or services mortgage loans insured by the FHA is required to follow loss mitigation regulations mandated by the HUD Secretary before initiating foreclosure. 12 U.S.C. § 1709 et seq.; 24 C.F.R. § 203.500 et seq. Title 12, Section 1024.42 provides that a borrower may enforce the mandated loss mitigation procedures pursuant to Section 6(f)of the Real Estate Settlement Procedures Act.

20. The statutory law is clear on the mortgagee's duty to pursue loss mitigation efforts. The NHA requires that, in the event of a mortgagor default, a mortgagee "shall engage in loss

Copy from re:SearchTX                                                                    Doc ID: 590fcd4e04d00ad2fc0bd4596d8b59d14e266a89

mitigation actions for the purpose of providing an alternative to foreclosure." 12 U.S.C. § 1715u(a).

21. The Defendant, Nationstar Mortgage, LLC, failed to comply with 12 CFR 1024.41, in that the Defendant did not timely provide the Plaintiff with any information or opportunity to apply for loss mitigation, specifically loan modification.

### Temporary Injunction

22. Plaintiff seeks an injunction requiring Defendant, or any person or entity acting in concert with them, including but not limited to its attorneys, agents, servants, servicers, trustees, employees, successors, heirs and assigns, to desist and refrain from:

    a. entering and taking possession of the Property or otherwise interfering with Plaintiff's right to the quiet enjoyment and use of the Property;

    b. proceeding with or attempting to sell or foreclose upon the Property; and

    c. attempting to purchase, transfer, assign or collect on the Mortgage.

    d. charging Plaintiff's account for attorney's fees in connection with this action.

### APPLICATION FOR TEMPORARY RESTRAINING ORDER

24. Plaintiff hereby incorporates by reference and re-alleges all material allegations of facts set forth above as if fully set forth herein.

25. Pursuant to Rule 680 of the Texas Rules of Civil Procedure, Plaintiff hereby seeks immediate relief in the form of a temporary restraining order to preserve the status quo. Specifically, Plaintiff seeks a temporary restraining order and temporary injunction to prohibit the Defendant and/or any of its agents, employees or attorneys, servicing companies, or trustees, from foreclosing upon the property. A temporary restraining order is sought to enjoin the Defendant for a period of at least 14 days until a temporary injunction hearing is held by this court concerning whether Plaintiff has a probable right of recovery for their various claims and

Copy from re:SearchTX                                    Doc ID: 590fcd4e04d00ad2fc0bd4596d8b59d14e266a89

causes of action pled herein. There presently exists an imminent threat of irreparable harm to Plaintiff in the form of the Defendant and their agents' stated intent to complete a foreclosure sale and divest Plaintiff of their ownership interest in the property, unless the court immediately restraints such acts or conduct as requested herein.

26. Plaintiff's application for a Temporary Restraining Order is authorized by Texas Civil Practice and Remedies Code §65.011 because irreparable injury to real property is threatened, irrespective of any remedy at law.

27. Moreover, after issuance of a temporary restraining order, and upon notice and a hearing as required by law, Plaintiff further seeks entry of the temporary injunction to maintain the status quo and prohibit the Defendant and their agents from foreclosing or attempting to forecloseon Plaintiff's property until the merits of the various claims and causes of actions as pled herein can be fairly and fully adjudicated.

## CONDITIONS PRECEDENT

28. Plaintiff asserts that all conditions precedent have occurred or been waived.

## PRAYER

29. WHEREFORE, Plaintiff prays that Defendant be cited to appear and answer, and the following order be entered:

    a. a declaratory judgment that declares that Defendant does not have the power of sale pursuant to the Deed of Trust.

    b. A temporary and permanent injunction enjoining Defendant, or anyone acting on Defendant's behalf from: (1) entering, taking possession of the Property or otherwise interfering with Plaintiff's right to the quietenjoyment and use of the Property; (2) proceeding with or attempting to sell or foreclose upon the Property; (3) attempting to purchase, transfer, assign or collect on the Mortgage; and (4) charging Plaintiff's account for attorney's fees in connection with this action.

    c. All the other relief to which Plaintiff is entitled.

Copy from re:SearchTX     Doc ID: 590fcd4e04d00ad2fc0bd4596d8b59d14e266a89

\

Respectfully submitted,

MEDEARIS LAW FIRM, PLLC

By:_____
DAVID M. MEDEARIS, TBA #24041465
1560 W Bay Area Blvd., Suite 304
Friendswood Texas 77546
dmedearis@medearislaw.com
Tel 281-954-6270 | Fax 281-954-6280
**ATTORNEY FOR PLAINTIFF**
**DAVID ALBERTO GALINDO**

Case 3:23-cv-00346   Document 1-2   Filed on 10/19/23 in TXSD   Page 9 of 16

## DECLARATION AND VERIFICATION

My name is David Alberto Galindo, and my address is **203 22ND Ave. N., Texas City, Texas 77590**, Galveston County, Texas. My date of birth is October 15, 1978. I declare under penalty of perjury that the facts as stated in this Petition and Application are true and correct.

Executed in Galveston County, State of Texas on the ____ day of 09 / 29 / 2023 _____ 2023.

_____
David Alberto Galindo

PLAINTIFF'S ORIGINAL PETITION AND APPLICATION                                                                 9 | P a g e

Copy from re:SearchTX                                                                 Doc ID: 590fcd4e04d00ad2fc0bd4596d8b59d14e266a89



Audit trail

| | |
|---|---|
| Title | Medearis Law Firm has sent you a document to review and sign... |
| File name | POP TRO Galindo.pdf |
| Document ID | 590fcd4e04d00ad2fc0bd4596d8b59d14e266a89 |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

**This document was requested on app.practicepanther.com and signed on app.practicepanther.com**

## Document History

**SENT**
**09 / 29 / 2023**
12:55:15 UTC
Sent for signature to Galindo, David (david.galindo7171@gmail.com) from david.galindo7171@gmail.com
IP: 108.250.11.43

**VIEWED**
**09 / 29 / 2023**
12:56:56 UTC
Viewed by Galindo, David (david.galindo7171@gmail.com)
IP: 73.115.96.74

**SIGNED**
**09 / 29 / 2023**
12:58:58 UTC
Signed by Galindo, David (david.galindo7171@gmail.com)
IP: 73.115.96.74

**COMPLETED**
**09 / 29 / 2023**
12:58:58 UTC
The document has been completed.

Powered by Dropbox Sign

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mindi Campbell on behalf of David Medearis
Bar No. 24041465
mcampbell@medearislaw.com
Envelope ID: 80076901
Filing Code Description: Original Petition - OCA (1-10 plantiffs)
Filing Description: Original Petition and Verified Application for TRO
Status as of 9/29/2023 9:21 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| David Medearis |  | dmedearis@medearislaw.com | 9/29/2023 8:33:14 AM | SENT |
| Jared Davidson |  | jdavidson@medearislaw.com | 9/29/2023 8:33:14 AM | SENT |
| Mindi Campbell |  | mcampbell@medearislaw.com | 9/29/2023 8:33:14 AM | SENT |

Copy from re:SearchTX

Exhibit A to Original Petition
Case 3:23-cv-00346   Document 1-2   Filed on 10/19/23 in TXSD   Page 12 of 16
Exhibit A
23-CV-1866
Filed: 9/29/2023 8:33 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 80076901
By: Lisa Kelly
9/29/2023 9:20 AM

## NOTICE OF SUBSTITUTE TRUSTEE'S SALE

ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.

**DATE, TIME, PLACE OF SALE:**
**Date:** Tuesday, the 3rd day of October, 2023
**Time:** 10:00 AM or not later than three hours after that time
**Place:** AT Galveston County Courthouse, 722 Moody, Galveston, TX 77550 in Galveston County, Texas, or at the area most recently designated by the Galveston County Commissioners.

**TERMS OF SALE:** CASH

**DEED OF TRUST INFORMATION - INSTURMENT TO BE FORECLOSED:**
**Date:** August 1, 2014
**Grantor(s):** DESIREE ALETA GALINDO AND SPOUSE, DAVID ALBERTO GALINDO
**Original Mortgagee:** Mortgage Electronic Registration Systems, Inc., as beneficiary, as nominee for AMCAP Mortgage, LTD., its successors and assigns
**Original Principal:** $85,500.00
**Recording Information:** Deed Inst.#2014043223
**Current Mortgagee/Beneficiary:** Lakeview Loan Servicing, LLC
**Secures:** The Promissory Note (the "Note") in the original principal amount of $85,500.00 and all obligations contained therein. All sums secured by the Deed of Trust have been and are hereby declared immediately due and payable as a result of default under the Note and/or Deed of Trust.

**MODIFICATIONS AND RENEWALS:**

As used herein, the terms "Note" and "Deed of Trust" mean the Note and Deed of Trust as modified, renewed, and/or extended.

**PROPERTY TO BE SOLD:**

**Property County:** Galveston
**Property Description:** (See Attached Exhibit "A")
**Property Address:** 203 22nd Avenue North, Texas City, TX 77590
**Condition and Important Recitals:** Should a conflict occur between the property address and the legal description contained in "Exhibit A" the legal description shall control. The property will be sold "AS IS" without any representations, warranties, or recourse, and subject to any liens or interests that may survive the sale. Any purchaser who purchases the property does so at his/her/its own risk and is strongly encouraged engage in significant due diligence prior to sale.

**MORTGAGE SERVICING INFORMATION:**

The Mortgage Servicer represents the Current Mortgagee pursuant to a mortgage servicing agreement with the Mortgagee. Pursuant to Texas Property Code § 51.0025, as well as the mortgage servicing agreement, the Mortgage Servicer is authorized to collect the debt and to institute foreclosure of the deed of trust referenced above. The Mortgage Servicer information is below:

**Mortgage Servicer:** Nationstar Mortgage, LLC
**Mortgage Servicer Address:** 8950 Cypress Waters Blvd Coppell, TX 75019

File No.: 23-00799TX

**SUBSTITUTE TRUSTEE(S):** Coury Jacocks, Carl Meyers, Leb Kemp, Traci Yeaman, Israel Curtis, John Sisk, Stephen Mayers, Colette Mayers, Joshua Sanders, Cary Corenblum, Matthew Hansen, Ramiro Cuevas, Evan Press, Jami Grady, Amy Oian, Auction.com, Patricia Poston, Nick Poston, David Poston, Anna Sewart, David Barry, Byron Sewart, Chris Poston, Austin DuBois

**SUBSTITUTE TRUSTEE ADDRESS:** 1320 Greenway Drive, Suite 780 Irving, TX 75038

DOCUMENT PREPARED BY:

McCalla Raymer Leibert Pierce, LLC
1320 Greenway Drive, Suite 780 Irving, TX 75038
AS ATTORNEY FOR THE HEREIN
IDENTIFIED MORTGAGEE AND/OR
MORTGAGE SERVICER

**Certificate of Posting**

I am _Patricia Post_ whose address is _C/O TEXAS Trustee_. I declare under penalty perjury that _8-10-23_ I filed and/or recorded this Notice of Foreclosure Sale at the office of the Galveston County Clerk and caused it to be posted at the location directed by the Galveston County Commissioners.

**Return to:** McCalla Raymer Leibert Pierce, LLC, **1320 Greenway Drive, Suite 780 Irving, TX 75038**

File No.: 23-00799TX

Copy from re:SearchTX

EXHIBIT "A"

LOT SEVEN (7), IN BLOCK TEN (10), OF MAINLAND PARK ADDITION SECTION "I", A SUBDIVISION IN GALVESTON COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 254-A, PAGE 70 AND TRANSFERRED TO PLAT RECORD 2, MAP NO. 41, IN THE OFFICE OF THE COUNTY CLERK OF GALVESTON COUNTY, TEXAS

File No.: 23-00799TX

Copy from re:SearchTX

# FILED

Instrument Number:   *FILED2023000993*

Filing Fee: 3.00

Number Of Pages:   4

Filing Date: 08/10/2023 9:17AM

I hereby certify that this instrument was FILED on the date and time stamped hereon and RECORDED in the OFFICIAL PUBLIC RECORDS of Galveston County, Texas.



Dwight D. Sullivan, County Clerk
Galveston County, Texas

NOTICE: It is a crime to intentionally or knowingly file a fraudulent court record or instrument with the clerk.

**DO NOT DESTROY** - *Warning, this document is part of the Official Public Record.*

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mindi Campbell on behalf of David Medearis
Bar No. 24041465
mcampbell@medearislaw.com
Envelope ID: 80076901
Filing Code Description: Original Petition - OCA (1-10 plantiffs)
Filing Description: Original Petition and Verified Application for TRO
Status as of 9/29/2023 9:21 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| David Medearis | | dmedearis@medearislaw.com | 9/29/2023 8:33:14 AM | SENT |
| Jared Davidson | | jdavidson@medearislaw.com | 9/29/2023 8:33:14 AM | SENT |
| Mindi Campbell | | mcampbell@medearislaw.com | 9/29/2023 8:33:14 AM | SENT |