United States District Court
Southern District of Texas
**ENTERED**
June 18, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DAVID ALBERTO GALINDO, | § | |
| Plaintiff. | § § § | |
| V. | § § | CIVIL ACTION NO. 3:23-cv-00346 |
| NATIONSTAR MORTGAGE, LLC, | § § § | |
| Defendant. | § § | |

## OPINION AND ORDER

Pending before me is a Motion for Summary Judgment filed by Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Defendant"). Dkt. 15. For the reasons discussed below, I grant the motion. Summary judgment is entered in favor of Defendant and against Plaintiff David Alberto Galindo ("Plaintiff"), individually and on behalf of the Estate of Decedent Desiree Aleta Galindo.

## BACKGROUND

On August 1, 2014, Desiree Aleta Galindo ("Decedent")[1] obtained a loan (the "Note") in the amount of $85,500 to purchase the real property at 203 22nd Avenue North, Texas City, Texas 77590 (the "Property"). That same day, Plaintiff and Decedent, as husband and wife, executed a Deed of Trust that encumbered the Property to secure repayment of the Note.

Lakeview Loan Servicing, LLC ("Lakeview") is the current assignee of the Deed of Trust. Defendant is Lakeview's loan-servicing agent.

The loan required monthly payments on the first of each month. Although Decedent made the required payments for many years, she ultimately failed to make all payments due and owing on the loan. On April 20, 2023, Defendant sent Decedent, by certified mail, postage prepaid, a notice of default and intent to accelerate the amounts due under the Note. Defendant sent the notice to

---

[1] Decedent died intestate on July 14, 2021.

Decedent's last known address, the Property address. The notice expressly stated that the loan was due for its October 1, 2021 installment payment; that $17,590.92 was due by May 20, 2023 to cure the default; and that failure to cure would result in acceleration of the loan and foreclosure of the property.

Decedent failed to cure the default. On August 7, 2023, Defendant sent to Decedent and Plaintiff, at the Property address, by certified mail, postage prepaid, two copies each of a notice of acceleration and an accompanying Notice of Substitute Trustee's Sale, which scheduled the foreclosure sale for October 3, 2023.

Upon filing this lawsuit in state court, Plaintiff obtained a temporary restraining order that halted the sale of the Property. Defendant removed this case to federal court on October 19, 2023.

Plaintiff, individually and on behalf of the estate of Decedent, complains about Defendant's attempt to enforce the power of sale conferred by the Note. In the Original Petition, Plaintiff seeks a declaratory judgment that Defendant "is not entitled to pursue a non-judicial foreclosure sale," Dkt. 1-2 at 4, and injunctive relief to prevent Defendant from "proceeding with or attempting to sell or foreclose upon the Property." *Id.* at 6. Plaintiff claims that Defendant violated § 51.002 of the Texas Property Code by "fail[ing] to mail Plaintiff the statutorily required 1) notice of default, and 2) notice of acceleration and notice of trustee sale." *Id.* at 5. Plaintiff also alleges Defendant violated the Real Estate Settlement Procedures Act ("RESPA") by failing to provide Plaintiff with loss-mitigation options.

## SUMMARY JUDGMENT STANDARD

A party should prevail on a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the burden "of informing the district court of the basis for its motion." *Brandon v. Sage Corp.*, 808 F.3d 266,

269–70 (5th Cir. 2015) (quotation omitted). If the nonmoving party bears the burden of production at trial, the party moving for summary judgment "must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 311 (5th Cir. 2017) (quotation omitted). If the movant is successful, "the burden shifts to the non-movant to produce evidence of the existence of such an issue for trial." *Brandon*, 808 F.3d at 270 (quotation omitted). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," and must instead "go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *Id.* (quotations omitted).

In determining whether summary judgment is proper, I do not "evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes." *Matter of Green*, 968 F.3d 516, 520 (5th Cir. 2020) (quotation omitted). I "must instead view all facts in favor of the non-moving party," and draw all reasonable inferences in the nonmovant's favor. *Id.*

## ANALYSIS

To start, I note that Plaintiff did not respond to Defendant's Motion for Summary Judgment. The failure to submit a timely response constitutes a representation of non-opposition. *See* S.D. TEX. L.R. 7.4. Nonetheless, the movant bears the burden of demonstrating the absence of a genuine issue of material fact regardless of whether an adverse party fails to respond. *See Quorum Health Res., L.L.C. v. Maverick Cnty. Hosp. Dist.*, 308 F.3d 451, 471 (5th Cir. 2002) ("If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response."). Thus, I must still determine whether Defendant has demonstrated that it is entitled to summary judgment, despite Plaintiff's failure to respond.

The Texas Property Code required Defendant to send Decedent, as a "debtor in default under a deed of trust," notice of any alleged default by certified mail

before pursuing a foreclosure sale. *See* TEX. PROP. CODE § 51.002(d). In the event the default went uncured, Defendant was required to notify Decedent and Plaintiff, the signatories of the Deed of Trust, by certified mail of the date of the foreclosure sale. *See id.* § 51.002(b)(3).

The uncontroverted summary judgment evidence establishes that the notice of default and intent to accelerate were sent, by certified mail, to Decedent at the Property address. *See* Dkt. 15-1 at 30–33. Defendant was not required to send Plaintiff a notice of default and intent to accelerate because Plaintiff "did not sign the Note but only signed the Deed of Trust" and was thus "not a debtor" for purposes of § 51.002(d). *Robinson v. Wells Fargo Bank, N.A.*, 576 F. App'x 358, 361 (5th Cir. 2014).

The summary judgment record further demonstrates that notice of acceleration and Notice of Substitute Trustee's Sale were sent, by certified mail, to Decedent and Plaintiff at the Property address. *See* Dkt. 15-1 at 46–69. Defendant is thus entitled to summary judgment on Plaintiff's claim for improper notice.[2] *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (Defendant "satisfied its burden of proof by presenting evidence of mailing the notice and an affidavit to that effect. There is no requirement that [Plaintiff] receive the notice.").

As for Plaintiff's assertion that Defendant violated RESPA, this claim also fails. Plaintiff's RESPA claim is based on 12 C.F.R. § 1024.41, more commonly known as Regulation X. Plaintiff contends that Defendant "failed to comply with 12 CFR 1024.41, in that the Defendant did not timely provide the Plaintiff with any information or opportunity to apply for loss mitigation, specifically loan

---

[2] "An alleged violation of § 51.002(d) does not create an independent cause of action and instead must be brought as a wrongful foreclosure action." *Recio-Garcia v. Ditech Fin. LLC*, No. 6:17-cv-00354, 2018 WL 4688758, at *3 (W.D. Tex. June 6, 2018). Plaintiff cannot bring a wrongful foreclosure claim at this time because the Property has not yet been foreclosed. *See Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017) ("[A] party cannot state a viable claim for wrongful foreclosure if the party never lost possession of the Property." (quotation omitted)).

modification." Dkt. 1-2 at 6. This claim fails because "[n]othing in § 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option." 12 C.F.R. § 1024.41(a). Section 1024.41 specifies the procedures and timing surrounding the review of loss mitigation applications submitted by a borrower. "This section requires the servicer to notify the borrower in writing, within 30 days of receipt of a complete loss mitigation application, which loss mitigation options it will offer the borrower, or the reasons for denying a complete loss mitigation application." *Smith v. Selene Fin., L.P.*, No. 4:15-cv-235, 2015 WL 11023215, at *3 (N.D. Tex. Nov. 25, 2015). There is no evidence that Plaintiff submitted a complete loss mitigation application. Without such evidence, no genuine issue of material fact exists on Plaintiff's RESPA claim.

Last but not least, I must address Plaintiff's claims for declaratory and injunctive relief. "The Declaratory Judgment Act, which authorizes a federal court to 'declare the rights and other legal relations of any interested party seeking such declaration,' is merely a procedural device and does not create any substantive rights or causes of action." *Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 792 (5th Cir. 2018) (quoting 28 U.S.C. § 2201(a)); *see also Okpalobi v. Foster*, 244 F.3d 405, 423 n.31 (5th Cir. 2001) ("[A]lthough the Declaratory Judgment Act provides a *remedy* different from an injunction—it does not provide an additional cause of action with respect to the underlying claim."). "Where all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive." *Davis v. Silver State Fin. Servs.*, No. H-13-1432, 2014 WL 713235, at *10 (S.D. Tex. Feb. 20, 2014) (collecting cases). Because Defendant is entitled to summary judgment on Plaintiff's claims for improper notice and RESPA violations, Plaintiff's declaratory relief claim fails. Plaintiff's request for injunctive relief fails for the same reason. *See Puig v. Citibank, N.A.*, No. 3:11-cv-0270, 2012 WL 1835721, at *17 (N.D. Tex. May 21, 2012) ("Plaintiffs are not entitled to injunctive relief" where "the court has dismissed each of their claims as a matter of law.").

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment (Dkt. 15) is **GRANTED**. A final judgment will be issued separately.

SIGNED this 18th day of June 2024.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE